

─── LAW OFFICES ───
**DeCotiis, FitzPatrick, Cole & Giblin, LLP**
61 SOUTH PARAMUS ROAD, SUITE 250
PARAMUS, NEW JERSEY 07652

NEW JERSEY
NEW YORK

TELEPHONE: (201) 928-1100
TELEFAX:    (201) 928-0588
WWW.DECOTIISLAW.COM

BENJAMIN CLARKE, ESQ.
BCLARKE@DECOTIISLAW.COM
201.907.5210

July 3, 2025

**VIA CM/ECF**
Hon. Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & US Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:   **Jason Samaritano v. State of New Jersey, et al.**
             **Civil Action No. 2:24-cv-04102-EP-CLW**

Dear Judge Padin:

This office represents Defendants State of New Jersey, the Administrative Office of the Courts, former Acting Administrative Director Hon. Glenn A. Grant, Hon. Benjamin C. Tesley, A.J.S.C., Hon. Cristin D'Arrigo, J.S.C., Assistant Prosecutors William Scharfenberg, Taylor Toscano, and Leslie Snock, and State Police Detective David Foote (collectively, "the State Defendants"), in the above-referenced matter.

Please accept this letter in lieu of a more formal brief on behalf of the State Defendants in opposition to the motion that plaintiff's attorney, Kenneth Rosellini,

#10104181

DECOTIIS
July 3, 2025
PAGE 2

has filed to lift an administrative stay that was entered by Judge Castner in this matter in July 2024. For the reasons that follow, that motion should be denied and the existing administrative stay should remain in place.

## STATEMENT OF FACTS

The facts material to this motion are very simple. When plaintiff's attorney, Kenneth Rosellini, Esq., filed this suit (on March 22, 2024), his license to practice law in the State of New Jersey was suspended. In June 2024, our office called that problematic issue to the attention of Judge Castner, who was then presiding over the case. See ECF Docket Entry #6. That letter prompted Judge Castner to research the question of whether Mr. Rosellini was in good standing to practice in the District of New Jersey. As Judge Castner stated in her ensuing Order:

> Based on the Court's review, the Court has identified a disciplinary matter pending in this District, *In the Matter of Kenneth James Rosellini*, Civ. No. 23-02710 (CCC). On July 10, 2024, Judge Claire Cecchi issued an Order to Show Cause in that disciplinary matter as to the nature of the discipline that should be imposed on Mr. Rosellini, which could include suspension from practice in this District. (Civ. No. 23-02710, ECF No. 10.) Mr. Rosellini's response to the Order to Show Cause is due on or before August 12, 2024. (*Id.*)

Having determined that Mr. Rosellini's entitlement to practice law in this District was the subject of an ongoing disciplinary proceeding, Judge Castner promptly entered an administrative stay of this action, *sua sponte*, pending the

#10104181

DECOTIIS
July 3, 2025
PAGE 3

outcome of the related disciplinary proceeding before Judge Cecchi. See ECF Docket Entry #10.

The disciplinary proceeding before Judge Cecchi involving Mr. Rosellini remains open and unresolved. According to PACER, the last submission on it was a response filed by Mr. Rosellini dated September 6, 2024. See I/M/O Kenneth Rosellini, Docket No. 8:23-cv-02710-CCC (ECF Docket Entry #16). A review of the PACER docket in the matter before Judge Cecchi will show, further, that Judge Cecchi stayed the disciplinary proceeding in 2024 to allow Mr. Rosellini to pursue review of the Supreme Court of New Jersey's suspension order by the Supreme Court of the United States, and reactivated it only when Mr. Rosellini's petition for *certiorari* was denied. See ECF Docket Entries ##8-10.

Mr. Rosellini acknowledges, in paragraph 7 of his Certification dated June 26, 2025 (ECF Docket Entry #19-2; hereafter "Rosellini Cert."), "The United States District Court for the District of New Jersey has not issued a decision in In the matter of Kenneth James Rosellini, Civ. No. 23-02710." Thus, it is a conceded matter of record that the circumstance that led Judge Castner to enter an administrative stay of this matter – *i.e.*, the pendency of a disciplinary proceeding in which Mr. Rosellini's entitlement, *vel non*, to practice before this Court is to be determined – remains unchanged.



Not only does the disciplinary proceeding before Judge Cecchi remain open and unresolved, but the suspension of Mr. Rosellini's license by the Supreme Court of New Jersey likewise remains in effect – as can be readily verified by navigating to Mr. Rosellini's disciplinary history on the State Judiciary's website (screenshot reproduced below):

| Attorney ID | Suffix | Last | First | Mid | City | County | Good Standing Status | Bar Admission Date | Certified |
|---|---|---|---|---|---|---|---|---|---|
| 044871998 | | ROSELLINI | KENNETH | JAMES | CLIFTON | PASSAIC | SUSPENDED | 12/14/1998 | NO |

See   https://portalattysearch-cloud.njcourts.gov/prweb/PRServletPublicAuth/app/Attorney/-amRUHgepTwWWiiBQpI9_yQNuum4oN16*/!STANDARD?AppName=AttorneySearch   (last visited 7/2/2025). The force and effect of that suspension will, of course, be a central issue to be resolved by Judge Cecchi, and no sound reason exists for this Court to duplicate that effort.

Avoiding any discussion of the unchanged circumstances underlying the administrative stay – namely, the suspension of his license to practice law in New Jersey (which remains in place) and the pendency of disciplinary proceedings before Judge Cecchi – Mr. Rosellini provides this Court with a far-ranging, 25-page certification that dwells largely on the supposed merits of plaintiff Jason Samaritano's claims. Since the merits of plaintiff's claims are not at issue on this

motion, the State Defendants will not address, or take issue with, Mr. Rosellini's argumentative assertions here,[1] and will merely reiterate that Mr. Rosellini's license to practice law in New Jersey remains suspended and the disciplinary proceedings before Judge Cecchi remain pending and unresolved.

### ARGUMENT

### THE CIRCUMSTANCES THAT LED JUDGE CASTNER TO ENTER AN ADMINISTRATIVE STAY OF THIS MATTER ARE UNCHANGED AND THE STAY SHOULD ACCORDINGLY REMAIN IN PLACE

In his Certification, Mr. Rosellini asserts that the administrative stay denies his client of his "right to choice of counsel" in this matter. Rosellini Cert., ¶5. It does no such thing. The only limitation that has been imposed on plaintiff's "right to choice of counsel" is the requirement that he (like any other non-*pro se* litigant) be represented by a **licensed** attorney – which, at present, Mr. Rosellini is not. To state the obvious, plaintiff's "right to choice of counsel" does not extend so far as to entitle him to be represented by an attorney whose license is suspended. *See National Association for the Advancement of Multijurisdiction Practice v. Simandle*,

---

[1] Lest silence be deemed acquiescence, though, the State Defendants note that, in their "pre-motion letter" to Judge Castner (ECF Docket #6), they outlined the substantial defenses they have to plaintiff's claims on the merits. The State Defendants respectfully incorporate that discussion by reference.

658 Fed. Appx. 127 (3d Cir. 2016) (upholding Local Civil Rule 101.1, which governs admission to the bar of the District of New Jersey and which provides that "[a]ny attorney licensed to practice by the Supreme Court of New Jersey may be admitted" to the bar of the District Court, but further provides that a New Jersey attorney who is deemed ineligible to practice in state court under certain circumstances will also not be permitted to practice before the District Court during the period of that ineligibility).

As the Third Circuit stated in the *Multijurisdiction Practice* case, "Local Civil Rule 101.1, like its Pennsylvania counterpart, is nothing more than a standard regulation of the legal profession … Unlicensed attorneys are free to represent themselves *pro se*, pass the New Jersey bar exam, or apply for admission *pro hac vice* on a case-by-case basis." 658 Fed. Appx. at 136.

In fact, to safeguard plaintiff's right to counsel of his own choosing, Judge Castner, in August 2024, entered an Order requiring Mr. Rosellini to provide proof that he had served the Court's stay Order on his client – which Mr. Rosellini duly provided.  See ECF Docket Entries ##12-13.  For his own reasons, plaintiff has not discharged Mr. Rosellini, nor has he opted to pursue this action *pro se.*

Mr. Rosellini has not shown, and cannot show, any compelling reason why this case should be allowed to move forward while his license is suspended.  Since



Mr. Rosellini improperly filed this action at a time when his license was suspended, the administrative stay that Judge Castner entered represents a modest and well-tailored response to the circumstances presented, if not the very least that ought to be done.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to lift the administrative stay entered by Judge Castner in July 2024 should be denied, and the stay should remain in place.

Respectfully submitted,

**DeCotiis, FitzPatrick, Cole & Giblin, LLP**
*Attorneys for State Defendants*

By:  /s/ Benjamin Clarke
         Benjamin Clarke, Esq.

cc:  Kenneth Rosellini, Esq. (via ECF)
     Jonathan Marshall, Esq. (via ECF)

#10104181