**KENNETH ROSELLINI,**
**ATTORNEY AT LAW (6047)**
636A Van Houten Avenue
Clifton, New Jersey 07013
(973) 998-8375
Fax (973) 998-8376
Attorney for Plaintiff, Jason Samaritano

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON SAMARITANO,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, ADMINSTRATIVE OFFICE OF THE COURTS, GLENN GRANT, in his official capacity, CRISTEN P. D'ARRIGO, Judge, New Jersey Superior Court, Law Division, Criminal Part, Cumberland County, in his official capacity, BENJAMIN C. TELSEY, Assignment Judge, New Jersey Superior Court, Cumberland County, in his official capacity, WILLIAM SCHARFENBERG, Assistant Prosecutor, Ocean County, in his individual capacity, LESLIE SNOCK, Assistant County Prosecutor, in her individual capacity, TAYLOR TOSCANO, Assistant County Prosecutor, in her individual capacity, DAVID FOOTE, New Jersey State Police, Law Enforcement Officer, in his individual capacity, LOUIS A. PINTARO in his individual capacity, LAW OFFICES OF JONATHAN F. MARSHALL,<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. :<br><br>2:24-cv-04102-EP-CLW<br><br>**REPLY CERTIFICATION OF PLAINTIFF'S COUNSEL IN SUPPORT OF MOTION TO VACATE ADMINISTRATIVE STAY ORDER AND REINSTATE CASE TO ACTIVE DOCKET** |

I, **KENNETH ROSELLINI, ESQ.**, of full age, do hereby certify:

1. I am the attorney for the Plaintiff in the above-captioned action, and am fully familiar with the facts certified herein.

2. I make this Reply Certification in further Support of Plaintiff's Motion to Vacate Administrative Stay Order and Reinstate Case to Active Docket, in Reply to the Opposition filed by the Defendants State of New Jersey, the Administrative Office of the Courts, former Acting Administrative Director Hon. Glenn A. Grant, Hon. Benjamin C. Tesley, A.J.S.C., Hon. Cristin D'Arrigo, J.S.C., Assistant Prosecutors William Scharfenberg, Taylor Toscano, and Leslie Snock, and State Police Detective David Foote (collectively, "the State Defendants").

3. The State Defendants assert on page 5 of their Brief, "In his Certification, Mr. Rosellini asserts that the administrative stay denies his client of his "right to choice of counsel" in this matter. Rosellini Cert., ¶5. It does no such thing. The only limitation that has been imposed on plaintiff's "right to choice of counsel" is the requirement that he (like any other non-*pro se* litigant) be represented by a ***licensed*** attorney – which, at present, Mr. Rosellini is not."

4. This is not correct, as I am currently a licensed attorney in the United States District Court for the District of New Jersey and have been continuously since the year 1999.

5. The State Defendants fail to properly represent the law and due process as it applies to my license to practice law in the District of New Jersey, just as they have failed to apply the law and procedure in the state court proceedings as applied to the Plaintiff; as the State courts in New Jersey have also failed to apply law, procedure and due process in the case involving my indefinite suspension to practice law in the New Jersey State Courts.

6. I am in good standing and actively practicing law in the United States District Court for the District of New Jersey, as the District Court has authority to regulate the practice of law and the attorneys that appear before it [see Article VI, Paragraph 2 of the U.S. Constitution; *Surrick v. Killon*, 449 F.3d 520, (3rd Cir. 2006)].

7. The case cited by the State Defendants, *N.A. for the Advancement of Multijurisdiction Practice v Simandle*, 658 F App'x 127, 135 (3d Cir 2016), concerns the process of admission to the practice of law in the New Jersey District Court, to which I was properly admitted in the year 1999.

8. *N.A. for the Advancement of Multijurisdiction Practice v Simandle*, 658 F App'x 127, 135 (3d Cir 2016) states in pertinent part:

> The rule provides that "[a]ny attorney licensed to practice by the Supreme Court of New Jersey may be admitted" to the bar of the District Court. L.Civ.R. 101.1(b). It further provides that a New Jersey attorney who is deemed ineligible to practice in state court under certain circumstances will also not be permitted to practice before the

District Court during the period of that ineligibility, and that an attorney who resigns from the New Jersey State bar will be considered to have resigned from the bar of the District Court.

9. L.Civ.R. 101.1(b) currently states:

(b) New Jersey Attorneys
Any attorney licensed to practice by the Supreme Court of New Jersey may be admitted as an attorney at law upon completion of a sworn application submitted to the Court. Any New Jersey attorney deemed ineligible to practice law by order of the New Jersey Supreme Court entered pursuant to New Jersey Court Rule 1:28-2(a) shall not be eligible to practice law in this Court during the period of such ineligibility. Any attorney licensed to practice by the Supreme Court of New Jersey who has resigned from the New Jersey bar shall be deemed to have resigned from the bar of this Court effective as of the same date as his/her resignation from the New Jersey bar.

10. New Jersey Court Rule 1:28-2(a), is the rule for suspending an attorney for failing to pay the annual fee to the New Jersey Lawyers Fund for Client Protection, the only "circumstances" referenced in that rule, and that is not the New Jersey Court Rule under which I was suspended.

11. The rules and procedures in the New Jersey District Court for the application of reciprocal sanctions are being followed, L. Civ. R. 104.1(b) and Standing Order 2023-01, which is why the Order to Show Cause is as to whether or not "the imposition of identical, reciprocal discipline by this Court would be unwarranted".

12. The State Defendants carelessly misapply the law and procedure as to my ability to practice law in this District Court, and their Opposition should be completely disregarded by this Court as a result, including their statement that I "improperly filed this action at a time when [my] license was suspended." (See p. 7 of the State Defendants' Brief).

13. The State Defendants provide no basis as to why this case should have been stayed, or why it should continue to be stayed, and advocate for denial of the Plaintiff's right to counsel in the within case, just as they have previously denied the Plaintiff's right to counsel in the pending state criminal proceedings.

14. In fact, the State Defendants have continued to deny Constitutional Rights of Freedom of Speech and Due Process to the Plaintiff in state court proceedings, and they are emboldened by the fact no declaratory judgment or injunctive relief has been issued in this Court due to the stay of these proceedings.

15. Plaintiff has a First Amendment right to petition the state government for redress of grievances and to be free of arbitrary and capricious retaliation for making such petitions.

16. Plaintiff has asserted that conduct of certain of the Defendants against him constitute state crimes, including conduct of the Defendant Benjamin Tesley, Assignment Judge, New Jersey Superior Court, Cumberland County.

17. In accordance with New Jersey law, Plaintiff has filed criminal citizens' complaints under the applicable New Jersey Court Rule, which provides the procedure for such complaints to be filed and reviewed by the County Prosecutor:

> citizen complaint. The citizen complaint charging a disorderly persons offense shall be reviewed by the judicial officer for a probable cause finding.
>
> **(3)** Issuance of a Citizen Complaint Charging Indictable Offenses. A Complaint-Warrant (CDR-2) or a Complaint-Summons (CDR-1) charging any indictable offense made by a private citizen may be issued only by a judge.
>
> **(4)** County Prosecutor Review of Citizen Complaints Charging Indictable Offenses. Prior to a finding of probable cause and issuance of a Complaint-Warrant (CDR-2) or a Complaint-Summons (CDR-1) charging any indictable offense made by a private citizen against any individual, the Complaint-Warrant (CDR-2) or Complaint-Summons (CDR-1) shall be reviewed by a county prosecutor for approval or denial. Prior to approval, the prosecutor has the authority to modify the charge. If the prosecutor approves the citizen complaint charging an indictable offense, the prosecutor shall indicate this decision on the complaint and submit it to a judge who will determine if probable cause exists and whether to issue a Complaint-Warrant (CDR-2) or a Complaint-Summons (CDR-1) in the Judiciary's computerized system used to generate complaints. If the prosecutor denies the citizen complaint charging an indictable offense, the prosecutor shall report the denial and the basis therefor to the Assignment Judge on the record or in writing and shall notify the citizen complainant and the defendant. The absence of approval or denial within the timeframe set forth in R. 7:2-2(b)(6) shall be deemed as not objecting to the citizen complaint. The citizen complaint charging an indictable offense shall be reviewed by the judge for a probable cause finding.

See N.J. Court Rules, R. 7:2-2.

18. Prior to the Plaintiff having received notice that the County Prosecutor had not found probable cause for his complaints, and without citation to any authority, Constitutional, statutory, New Jersey Court Rule, or otherwise, Defendant Benjamin Tesley has issued state court orders enjoining the County Prosecutor or Municipal Court from processing or reviewing any criminal complaints by the Plaintiff, without Defendant Benjamin Tesley's review and approval, and implemented these orders prior to a court hearing (see attached Exhibit A, which is a true and accurate copy of these Orders).

19. "The Due Process Clause . . . forbids arbitrary deprivations of liberty. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him," the minimal requirements of the Clause must be satisfied." *See Gross v. Lopez*, 419 US 565, 574 (1975).

20. The state courts in New Jersey continue to ignore principles of justice requiring courts to be free of fraud upon the court and requiring Constitutional due process; this Court must not ratify this conduct by continuing to stay this case.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/S/ Kenneth Rosellini
_____

June 26, 2025          Kenneth Rosellini, Esq.

# EXHIBIT A

ORDER PREPARED BY THE COURT

|  |  |
|---|---|
| IN THE MATTER OF<br><br>JASON SAMARITANO<br>ERIN SAMARITANO | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CIVIL PART<br>VICINAGE XV<br><br>Civil Action<br><br>**Docket No.: L-834-25**<br><br>**ORDER TO SHOW CAUSE**<br>**WITH TEMPORARY RESTRAINTS** |

**THIS MATTER**, having been opened by the Court, *sua sponte*, after a review of the pleadings and dispositions of multiple filings of Jason and Erin Samaritano ("Samaritanos"); and the Samaritanos having just recently filed sixty-five (65) citizen complaints in the Bridgeton Municipal Court in Cumberland County; and Court staff have having spent in excess of 20 hours in typing and preparing the citizen complaints, not including the time spent communicating with Samaritanos and obtaining the Samaritanos' certifications for all typed complaints, and the Gloucester County Prosecutor's Office having conducted an independent review of all 65 complaints and did not find probable cause for even one of the Complaints; and the Court being advised that many more citizen complaints and other legal actions are forthcoming, and the Samaritanos having demonstrated a patterns of frivolous and/or patently non-meritorious claims; and the court having considered the impact of said prior filings, and of potential future filings, on judiciary resources;

**AND FOR GOOD CAUSE SHOWN**

**IT IS,** on this 24th day of June, 2025

**ORDERED** that Jason and Erin Samaritano shall appear for an in person hearing before this court on **July 15, 2025, at 1:30 pm**, in the Assignment Judge's Courtroom at the Gloucester County Justice Complex, Woodbury, NJ, to **SHOW CAUSE** why an order should not be entered requiring all pending and future new complaint requests in any Division and in any County of the New Jersy Court system, filed by the Samaritanos, to be reviewed by this court, as soon as practicable. All such new complaints will need to be mailed to the Honorable Benjamin C. Telsey, A.J.S.C., Gloucester County Justice Complex, Hunter Street, Woodbury NJ 078096. All submissions must be fully compliant with Court Rules and Court procedures, or they will be returned as Denied for being non-compliant. Any criminal complaints shall include fully executed appropriate certifications in support of probable cause for each complaint. This Court will have the discretion, to *sua sponte* dismiss any patently frivolous or non-meritorious complaints or alternatively forward any non-frivolous or meritorious complaints to the appropriate Court for processing; **AND**

**IT IS FURTHER ORDERED** that opposition, if any to this Order to Show Cause, shall be filed by July 8, 2025; and

**IT IS FURTHER ORDERED** that should no written opposition be filed, the Order to Show Cause will be treated as unopposed, and no oral argument will take place; and

2

**IT IS FURTHER ORDERED** that pending the return date of this Order to Show Cause, no action shall be taken on any Samaritano complaints filed after June 19, 2025.

_____
HON. BENJAMIN C. TELSEY, A.J.S.C.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

IN RE:  Amendment of Local Civil  :
            Rules                                  :        ORDER

The Court being vested with authority pursuant to 28 U.S.C. § 2071 and Rule 83 of the Federal Rules of Civil Procedure to make and amend local rules; proposed amendments to Local Civil Rules having been submitted to the Lawyers Advisory Committee and the public for comment; comments having been received and considered, and the proposed amendments having been approved by the Board of Judges;

It is on this 10th day of May, 2017, ORDERED that the Local Civil Rules are amended to read:

### Civ. RULE 7.1(f) Certain Motions Regarding Additional Pleadings

(1)  Upon filing of a motion for leave to file a complaint in intervention, the moving party shall attach to the motion a copy of the proposed pleading and shall state whether the motion is opposed. If leave to file is granted, the moving party shall file the original forthwith. Service shall be accomplished consistent with the Fed. R. Civ. P. and these Rules.

(2)  Provisions relating to the filing and service of motions for leave to file an amended pleading are set forth in L. Civ. R. 15.1.

### Civ. RULE 15.1 MOTIONS TO FILE AMENDED PLEADINGS

(a) Except as provided in section (b) of this Rule, or as may be excused by the Court, a party who seeks leave to amend a pleading shall do so by motion, which shall state whether such motion is opposed, and shall attach to the motion:

(1) a copy of the proposed amended pleading; and
(2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added.

If the motion to amend is granted, the moving party shall file the original forthwith as the amended pleading. Service shall be accomplished consistent with the Fed. R. Civ. P. and these Rules.

(b) Except as may be excused by the Court, a party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file:

   (1) a copy of the amended pleading, complete with a handwritten or electronic signature; and

   (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

Service shall be accomplished consistent with the Fed. R. Civ. P. and these Rules.

### Civ. RULE 41.1 DISMISSAL OF INACTIVE CASES

(a) Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. §1746 from counsel of record or the unrepresented party. Notice shall be provided by the Clerk of either action contemplated above under sub-paragraphs (1) and (2) to counsel, their client(s) and/or unrepresented persons who have appeared.

### Civ. RULE 101.1 ADMISSION OF ATTORNEYS

**(b) New Jersey Attorneys**

Any attorney licensed to practice by the Supreme Court of New Jersey may be admitted as an attorney at law upon completion of a sworn application submitted to the Court. Any New Jersey attorney deemed ineligible to practice law by order of the New Jersey Supreme Court entered pursuant to New Jersey Court Rule 1:28-2(a) shall not be eligible to practice law in this Court during the period of such ineligibility. Any attorney licensed to practice by the Supreme Court of New Jersey who has resigned from the New Jersey bar shall be deemed to have resigned from the bar of this Court effective as of the same date as his/her resignation from the New Jersey bar.

It is FURTHER ORDERED that these amendments are effective this date.

FOR THE COURT:

JEROME B. SIMANDLE
Chief Judge