<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON SAMARITANO,<br><br>     Plaintiff,<br><br>     v.<br><br>STATE OF NEW JERSEY *et al.*,<br><br>     Defendants. | No. 24cv4102 (EP) (CF)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

**I.     BACKGROUND**

In this action, Plaintiff Jason Samaritano brings various federal and state law claims stemming from allegations that the State of New Jersey, the Administrative Office of the Courts, then-Acting Administrative Director Hon. Glenn A. Grant, the Hon. Benjamin C. Tesley, A.J.S.C., and the Hon. Cristin D'Arrigo, J.S.C. (the "Judiciary Defendants"), Assistant Prosecutors William Scharfenberg, Taylor Toscano, and Leslie Snock (the "Prosecutor Defendants"), State Police Detective David Foote (collectively with the Judiciary Defendants and Prosecutor Defendants, the "State Defendants"), Louis Pintaro, and the Law Offices of Jonathan F. Marshall (collectively with the State Defendants, "Defendants") conspired to deprive him of his civil rights.  D.E. 1 ("Complaint").

Plaintiff is represented by Kenneth Rosellini.  *See* Dkt.  When Plaintiff commenced this action, Mr. Rosellini was the subject of a disciplinary matter in this District before the Hon. Claire Cecchi, U.S.D.J.  *See In the Matter of Kenneth James Rosellini*, No. 23-2710 (herein, the "Disciplinary Action"), D.E. 10 (July 10, 2024) ("Order to Show Cause").  In the Disciplinary Action, Judge Cecchi ordered Mr. Rosellini to show cause why it would be unwarranted for this

Court to impose identical, reciprocal discipline[1] on Mr. Rosellini pursuant to Local Civil Rule 104.1(b) and Standing Order 2023-1. *Id.* at 2.

On July 17, 2024, the Hon. Georgette Castner, U.S.D.J.,[2] entered an order staying this matter pending the outcome of the Order to Show Cause in the Disciplinary Action. D.E. 10 ("Order"). In the Order, Judge Castner ordered Mr. Rosellini to, within seven days of a decision in the Disciplinary Action, file correspondence in this matter informing the Court of the outcome and its impact on his ability to represent Plaintiff in this matter. *Id.* at 2. Judge Castner also informed Plaintiff that if he would like the administrative stay in this matter lifted, he could either retain alternative counsel or indicate to the Court he seeks to proceed *pro se*. *Id.*

Plaintiff did neither. Instead, on June 26, 2025, Plaintiff filed a Motion to Vacate Judge Castner's Order. D.E. 19-2 ("Motion" or "Mot.").[3] In the Motion—a forty-three-paragraph certification signed by Mr. Rosellini—Plaintiff contends that the stay of this action by Judge Castner was improper and in violation of his Constitutional rights. *See id.* ¶ 5. Plaintiff also raises several arguments in the Motion concerning the Disciplinary Action, as well as issues in connection with multiple actions in state court involving himself and Mr. Rosellini. *See, e.g.*, *id.* ¶¶ 13-24.

The State Defendants oppose the Motion. D.E. 21 ("Opposition" or "Opp'n"). They maintain that Judge Castner's stay should remain in place pending a decision on the Order to Show

---

[1] Mr. Rosellini was suspended by the Supreme Court of the State of New Jersey. *Matter of Rosellini*, 256 N.J. 30 (2023), *cert. denied sub nom. Rosellini v. New Jersey Off. of Att'y Ethics*, 144 S. Ct. 1459 (2024).

[2] At that time, this matter was assigned to Judge Castner. On January 29, 2025, the matter was reassigned to the Undersigned.

[3] Plaintiff's Motion was filed at D.E. 19. For ease of reference, the Court refers to the certification filed in support of Plaintiff's Motion by Mr. Rosellini as his Motion.

2

Cause before Judge Cecchi. *Id.* at 3. Plaintiff—again through a certification from Mr. Rosellini—replies. D.E. 22 ("Reply"). In his Reply, Plaintiff asserts that despite the disciplinary matter before Judge Cecchi, at the time the Motion was filed, Mr. Rosellini was in good standing in this Court and actively practicing law in the District. *Id.* ¶ 6. In other words, given he was licensed to practice law in the District, Judge Castner's stay of this action was improper.

Since the parties briefed Plaintiff's Motion, however, Chief Judge Renée M. Bumb entered an order imposing reciprocal discipline on Mr. Rosellini. Disciplinary Action, D.E. 17 (September 4, 2025) ("Suspension Order"). Mr. Rosellini was "suspended and restrained from the practice of law before this Court," pending his compliance with the terms of his suspension before the Supreme Court of New Jersey. *Id.* at 2.

Mr. Rosellini has appealed the Suspension Order. *See* Disciplinary Action, D.E. 20 (October 6, 2025).[4] As of the date of this Memorandum Order, the Third Circuit has not issued a decision on Mr. Rosellini's appeal. *See In re: Kenneth James Rosellini*, No. 25-2962 (3d Cir.) (the "Appeal").

II.   **ANALYSIS**

Judge Castner's Order stayed this action pending a decision on the Order to Show Cause in the Disciplinary Action. Order at 2. Now that the Suspension Order has been issued, Judge Castner's stay of this action is no longer in effect. Accordingly, the Court will **DENY** Plaintiff's Motion as **MOOT**.

Because Judge Castner's stay of this action is no longer, the Court must determine how to proceed given that Mr. Rosellini is suspended from practicing law in this District but is still

---

[4] Mr. Rosellini's suspension has not been stayed pending his appeal, and therefore, remains in effect. *See* Dkts. in the Suspension Order & Appeal; *see also* Fed. R. App. P. 8.

3

Plaintiff's counsel of record. For starters, Mr. Rosellini cannot serve as Plaintiff's attorney while he is suspended from practicing law in this District. *See* L. Civ. R. 101.1(a) ("The bar of this Court shall consist of those persons heretofore admitted to practice in this Court and those who may hereafter be admitted in accordance with these Rules."); L. Civ. R. 101.1(c)(4) (explaining that "[o]nly an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders").

Accordingly, Plaintiff must either retain new counsel or proceed *pro se*. The Court will provide Plaintiff 45 days from the date of this Memorandum Order to inform the Court whether he intends to retain alternative counsel or proceed *pro se*. The Court will **STAY** this action pending a response from Plaintiff.[5]

### III. CONCLUSION

For the reasons explained above,

**IT IS**, on this **9th** day of January 2026,

**ORDERED** that, because Judge Castner's stay of this action ended when Judge Cecchi issued the Suspension Order, Plaintiff's Motion, D.E. 19, is **DENIED** as **MOOT**; and it is further

---

[5] A stay of a civil case is discretionary. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As the Supreme Court explained in *Landis*:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* at 254-55. A temporary stay of this action is warranted to provide Plaintiff with time to consider how he intends to proceed in this action. *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (noting several factors a court considers when deciding whether to stay an action, including the hardship on the parties, whether a stay would simplify issues in the case, and whether a stay would create a tactical advantage to one party) (citations omitted).

**ORDERED** that pursuant to the Suspension Order, Mr. Kenneth Rosellini may not serve as Plaintiff's counsel in this action while he is suspended from practicing law in this District; and it is further

**ORDERED** that Plaintiff shall, within **45 days** of this Order, file a letter on the docket informing the Court whether he: (1) intends to retain (or has retained) alternative counsel; or (2) wishes to proceed *pro se*; and it is finally

**ORDERED** that pending a response from Plaintiff and clarity on how he intends to proceed in this action, the Court will **STAY** this case.

_____
Evelyn Padin, U.S.D.J.